UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-112-DLB

MICHEL QUIROZ                                                                                    PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISON STAFF, et al.                                                        DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Michel Quiroz is a federal inmate confined at the Big Sandy United States Penitentiary located in Inez, Martin County, Kentucky. Quiroz has filed a *pro se* Complaint asserting civil rights claims against several federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Doc. # 1). He has also filed motions for leave to proceed *in forma pauperis* (Doc. # 3)[1]; to appoint counsel (Doc. # 5); to prohibit the Bureau of Prisons ("BOP") from transferring him (Doc. # 6); to waive the exhaustion requirement (Doc. # 7); and to order the BOP to retain surveillance video footage of the incident giving rise to his claims (Doc. # 8).

Before proceeding further, the Court must conduct a preliminary review of Quiroz's Complaint because he is a prisoner suing federal officials. *See* 28 U.S.C. § 1915A; *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). When testing the sufficiency of a plaintiff's complaint, the court must afford it a forgiving construction,

---

[1]  In light of the Court's disposition of Quiroz's claims, the Court concludes the most forgiving approach is to forego collection of the $400.00 filing fee, either in whole or in part, at this juncture. *Accord Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

1

accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis*, 679 F.3d at 437–38. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

In his Complaint, Quiroz alleges that when he was housed in the segregation unit on June 17, 2020, BOP officers Morris, Preston, Hurley, and Allen threatened him and then used excessive force to restrain him. He further alleges that he was then kept in ambulatory restraints without food, water, or access to a toilet for more than eight hours "as torture." (Docs. # 1 at 5–6, 15–16 and # 1-1 at 1–2). Quiroz also complains that BOP officer Melvin and Warden Joyner have not given him a pen or access to a law library, thus preventing him from filing inmate grievances and motions with the Court. *Id*. at 16. Quiroz contradicts this assertion elsewhere, stating that he repeatedly complained about the incident and did file numerous inmate grievances regarding it, but that they were "ignored and not taken seriously." *See* (Doc # 1 at 8 and # 1-1 at 3–7). Quiroz contends that the Defendants violated his rights under the First, Fifth, and Eighth Amendments to the United States Constitution and seeks $7 million in damages and immediate release to home confinement. (Doc. # 1 at 4, 6).

While Quiroz disclaims filing any earlier lawsuit about these events, *see id.* at 10, an earlier action was docketed in this Court regarding his claims. Indeed, in that case, Quiroz filed a handful of motions requesting the same relief he seeks here. *See Quiroz v. USP-Big Sandy Staff*, No. 7: 20-cv-97-KKC (E.D. Ky. 2020) (Docs. # 1, 5, 6, 8, and 9 therein). That case was dismissed without prejudice because it was not clear that Quiroz

2

intended his letter (Doc # 1 therein) to serve as a complaint, and in any event, he had failed to pay the filing fee or seek *pauper* status and did not use the proper complaint form. Quiroz was sent a set of forms approved for use by this Court. (Doc. # 4 therein). Quiroz has filed a new Complaint, but he did not use the Court-approved form that was provided to him. *See* (Doc. # 1).

Having reviewed Quiroz's numerous submissions, the Court concludes that his Complaint must be dismissed without prejudice because, as he admits in both cases, he did not exhaust his administrative remedies. Federal law requires a prisoner wishing to challenge the circumstances or conditions of his confinement to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004).

Here, on June 29, 2020, shortly after the incident in question, Quiroz filed an inmate grievance with the Warden and on July 8, 2020, he filed a sensitive grievance with the Mid-Atlantic Regional Office. Quiroz seeks to be excused from further efforts to exhaust his administrative remedies because he had not received a response to either grievance by July 26, 2020 and because he must write his inmate grievances using an ink pen. (Docs. # 7 herein at 1–2 and # 8 therein at 1–2). But the "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). If Quiroz did not receive a timely response to the grievance he filed with the warden, his remedy was to appeal to the next level, not to abandon the grievance process entirely. *See* 28 C.F.R. § 542.18. And contrary to his assertions here,

nothing in the BOP's Inmate Grievance Program requires grievances to be written using an ink pen, and Quiroz does not allege that any of his grievances have been rejected for that reason. See 28 C.F.R. § 542.11 et seq.; BOP Program Statement 1330.18 (Jan. 2014).

Where, as here, the failure to exhaust administrative remedies is self-evident, the complaint is subject to dismissal upon initial screening. Jones, 549 U.S. at 214–15 (holding district court may dismiss complaint sua sponte when it is apparent from the face of the complaint that claim is barred by an affirmative defense); Shah v. Quintana, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (citing Jones, 549 U.S. at 214–15); Barnett v. Laurel Co., Ky., No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017) (same). Under such circumstances, the dismissal should be without prejudice to afford the plaintiff the opportunity to properly invoke and follow the prison's grievance procedures with respect to his concerns. Napier v. Laurel County, 636 F.3d 218, 222 (6th Cir. 2011). Because Quiroz admits that he has not fully exhausted his administrative remedies available via the BOP's grievance process, his claims are premature, rendering dismissal of his complaint without prejudice appropriate.

Accordingly, **IT IS ORDERED** as follows:

(1) Quiroz's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

(2) All pending motions (Docs. # 3, 5, 6, 7 and 8) are **DENIED AS MOOT**; and

(3) This matter is **STRICKEN** from the docket.

This 12th day of August, 2020.



J:\DATA\ORDERS\PSO Orders\20-112 Order Dismissing Case.docx